ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)     PAGE 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

**FILED**

APR 2 0 2009

DAVID CREWS, CLERK
By _____ Deputy

William P. Turner
_____
Plaintiff

v.

CASE NO. 1:09CV106-P-D

Lee County Sheriff Department
_____
Defendant

### PRISONER'S COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT

1. The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the Plaintiff's inmate identification number, the Plaintiff's mailing address, and the Plaintiff's place of confinement are as follows:

    A. Legal name: William Phillip Turner

    B. Name under which sentenced: William Phil Turner

    C. Inmate identification number: R7548

    D. Plaintiff's mailing address (street or post office box number, city, state, ZIP): _____

    E. Place of confinement: _____

2. Plaintiff names the following person(s) as the Defendant(s) in this civil action:

    Name: Jim H. Johnson

    Title (Superintendent, Sheriff, etc.): Sheriff

    Defendant's mailing address (street or post office box number, city, state, ZIP): 510 N. Commerce St. Tupelo, MS. 38804

1

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)  PAGE 2

Name: Joel Royce

Title (Superintendent, Sheriff, etc.): Correction Officer

Defendant's mailing address (street or post office. box number, city, state, ZIP): 510 N. Commerce St, Tupelo, MS. 38804

Name: SGT M. Bridges

Title (Superintendent, Sheriff, etc.): Shift SGT

Defendant's mailing address (street or post office box number, city, state, ZIP): 510 N. Commerce St, Tupelo, MS. 38804

Name:

Title (Superintendent, Sheriff, etc.):

Defendant's mailing address (street or post office box number, city, state, ZIP): N/A

(If additional Defendants are named, provide on separates sheets of paper the complete name, title, and address information for each. Clearly label each additional sheet as being a continuation of Question 2).

3. Have you commenced other lawsuits in any other court, state or federal, dealing with or pertaining to the same facts that you allege in this lawsuit or otherwise relating to your imprisonment? ☐ Yes  ☑ No

4. If you checked "Yes" in Question 3, describe each lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuit(s) on separate sheets of paper; clearly label each additional sheet as being a continuation of Question 4.

    A. Parties to the lawsuit:

    Plaintiff(s): 

    Defendant(s): 

    B. Court:  N/A        C. Docket No.:

    D. Judge's Name:      E. Date suit filed:

    F. Date decided:      G. Result (affirmed, reversed, etc.):

5. Is there a prisoner grievance procedure or system in the place of your confinement? ☑ Yes  ☐ No

6. If "Yes," did you present to the grievance system **the same facts and issues** you allege in this complaint? (See question 9, below). ☑ Yes  ☐ No

7. If you checked "Yes" in Question 6, answer the following questions:

| ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00) | PAGE 3 |
|---|---|

A. Does the grievance system place a limit on the time within which a grievance must be presented? ☑ Yes ☐ No

B. If you answered "Yes," did you file or present your grievance within the time limit allowed? ☑ Yes ☐ No

C. The court must find that you exhausted the prison's grievance system and administrative remedies before it can consider this Complaint. State everything you did to present your grievance(s). Be specific. Include the date(s) on which you filed or presented your grievances to prison officers; identify the officer(s). State your claim(s) exactly.

I put in a complaint form to Sgt M. Bridges on Oct. 3. 2008 and got no reply and I put in a complaint form to s/o Jason Edward on Oct 4. 2008 and I got no reply from my complaints.

D. State specifically what official response your grievance received. If the prison provides an administrative review of the decision on your grievance, state whether you applied for that review and what the result was.

No reply was given on my complaints.

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)     PAGE 4

> **Special Note:** Attach to this Complaint as exhibits complete copies of all requests you made for administrative relief through the grievance system, all responses to your requests or grievances, all administrative appeals you made, all responses to your appeals, and all receipts for documents that you have.

8. If you checked "No" in Question 6, explain why you did not use the grievance procedures or system:

N/A

9. Write below, as briefly as possible, the **facts** of your case. Describe how **each** Defendant is involved. Write the names of all other persons involved. Include dates and precise places of events. Do not give any legal argument or cite any legal authority. If you have more than one claim to present, number each claim in a separate paragraph. Attach additional pages only if necessary; label attached pages as being continuations of Question 9.

(1) On Oct. 2, 2008 I was Attacked because I have a sex crime and Correction officer Joel Royce put other inmates to jump on inmates with sex crimes.

(2) The inmates in P.C. are not able to go to Church on Sundays. They will not let a preacher come in to the pod so the people on P.C. can have church to.

(3) The Inmates do not get No outside recreation or able to watch TV. when there out for there time out of there cells.

10. State **briefly** exactly what you want the court to do for you. Do not make legal arguments. Do not cite legal authority.

On Complaint one I would like to sue for $200,000, for the Attack.

On complaint 2 I would like to sue for $50,000. for not letting us go to church service.

On complaint 3 I would like to sue for $30,000. for not letting us have outside recreation or able to watch Television.

This Complaint was executed at (location): _____

and I declare or certify or verify or state under penalty of perjury that this Complaint is true and correct.

Date: _____

Plaintiff's Signature

On October 2nd, I (Brandon Tollison), went to my cell (F-12) after receiving my canteen. My cellmate, Curtis Gay, came in afterward to put up his canteen as well. Curtis left to play a card game of spades downstairs in the dayroom. Shortly after he left, Darious Riley and Ty Price came into my cell while I was drawing a picture for my father. While I was sitting on my bottom rack Riley came over to my left and Price stood to my right then Riley asked what I was in jail for. I tried to explain my charge to him when he told me I was lying and that I was in here for another reason, before I could say another word he started hitting me in the left side of my head. He hit me ten to fifteen times in the ear and the back of the left side of my head. After the assault Riley and Price grabbed my canteen and my cellmates canteen then ran out of the cell closing the door behind them. I hit the cell door a few times until someone buzzed the guard to open my cell. When I came out Riley and Price asked what was I going to do about them taking my canteen. Being a non violent inmate and being outnumbered, I didn't retaliate.

Curtis came up the stairs after seeing Ant Dixon run out of our cell with canteen items in his hand. Curtis asked who got his canteen but did nothing to provoke them as well. I shut the cell door to keep anything else from happening. Curtis went downstairs and continued playing cards while I went to use the phone to tell my parents what had transpired. The conversation was brief due to all of the parties involved (Darious Riley, Ty Price, Ant Dixon, Willie Clark, Kevin Mabry, and LaGary Springer)

(1)

running up stairs. I hung up the phone seeing what was about to happen. The previous party circled around the dayroom then proceeded to head toward Curtis Gray and the members of the card game, they were Jeff Tucker, Micheal Watson, William Turner, and Chris Cosner. Aproaching the table while still in formation, lead by Willie Clark, they hit everyone at the table while circling it. This caused Curtis to defend himself against atleast four of the party mentioned. Chris Cosner was attacked by the other two of them. The attack of Cosner was brief but then all six joined in on the attack of Curtis Gray. The attack of Curtis lasted three to five minutes before the guards came into F-Pod. The guards took myself and Curtis outside the Pod and only asked if we were okay and never offered medical attention or the possibility of seeing a doctor. The guards only asked Riley questions at length and nothing more was asked of myself or Curtis. The people attacked were on Protective Custody and the attackers were not on Protective Custody which included two state inmates that were known to us (Clark and Springer). After being seperated from non-Protective Custody we were told in our cell two things; Protective and non-Protective Custody would come out at seperate times and that the guards had watched the video of the incident. Dinner shortly followed and officer Royce gave the attackers ten extra food trays. Royce, working on his off-duty day, was in the tower as the incident unfolded. The next day Riley sent an apology letter to our cell. Clark came to the door and apologized stating he thought we were in jail for messing with little children. It took til Oct 8th at 9:30 to see a doctor. He diagnosed both of us as having a mild concussion.

(2)



1.17
April 17, 2009

Wilson Vesper - 157848
@Hcc Correction Facility
Building D Zone Bay C
800 County Road 540
Greenwood, Mississippi 38930

RECEIVED
APR 20 2009
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

Office of the United States District Court
Northern District of Mississippi
Court Office Box 704
Oxford County, Mississippi
39730

DCF/LAP