IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIAM P. TURNER                                                                                        PLAINTIFF

V.                                                                        CIVIL ACTION NO.1:09CV106-WAP JAD

LEE COUNTY SHERIFF'S DEPARTMENT, et al.                                                  DEFENDANTS

REPORT AND RECOMMENDATION

The defendant Lee County Sheriff's Department has moved to dismiss this action against itself pursuant to Rule 12(b)(6). The plaintiff has filed no response.

The defendant contends that the Lee County Sheriff's Department is not a proper party to this action. The undersigned agrees that the Lee County Sheriff's Department is not a proper party in this action and the motion to dismiss be granted as to this defendant.

Rule 17(b) of the Federal Rules of Civil Procedure governs the determination of the capacity to sue and be sued. It provides that for an entity such as the Sheriff's Department that the capacity to sue or be sued is determined by the law of the state in which the district court sits. Therefore this court must look to the law of Mississippi to determine if the Lee County Sheriff's Department is an entity subject to suit. Because the Lee County Sheriff's Department under the laws of the state of Mississippi has no legal identity separate from Lee County it is not subject to suit. *Brown v. Thompson*, 927 So. 2d 733 (Miss. 2006) (A sheriff's department is not a political subdivision for purposes of the Mississippi Tort Claims Act and the case against it was properly dismissed,); *Whiting v. Tunica County Sheriff's Dept.*, 222 F. Supp.2d 809 (N.D. Miss.2002), overruling recognized on a different issue in *Montgomery v Mississippi*, 498 F. Supp.2d 892 (S.D. Miss. 2007) (The sheriff's office was not amenable to suit according to Mississippi law, because the plaintiff failed to show it enjoyed an existence separate from the county. *Citing Darby v. Pasadena Police

*Department,* 939 F.2d 311, 313 (5th Cir.1991)).

Because the Lee County Sheriff's Department is not an entity subject to suit under the laws state of Mississippi, it's motion to dismiss should be granted.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 8th day of December, 2009.

                                               /s/ JERRY A. DAVIS
                                               UNITED STATES MAGISTRATE JUDGE